1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

| | |
|---|---|
| 9  Roger Lane Supinger, | No. CV-15-01233-PHX-PGR (JZB) |
| 10              Petitioner, | **REPORT AND RECOMMENDATION** |
| 11  v. | |
| 12  Charles L. Ryan, et al., | |
| 13              Respondents. | |

14

15  TO  THE  HONORABLE  PAUL  G.  ROSENBLATT,  SENIOR  UNITED  STATES
16 DISTRICT JUDGE:

17        Petitioner Roger Lane Supinger has filed a *pro se* Petition for Writ of Habeas
18 Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

19  **I.    SUMMARY OF CONCLUSION**

20        Petitioner's post-conviction proceedings concluded on May 18, 1999, and his
21 statute of limitations to file this Petition expired on May 18, 2000.  Petitioner's second,
22 successive PCR petition does not merit additional tolling. The instant Petition was filed
23 on July 1, 2015. No equitable tolling is merited because Petitioner does not attempt to
24 justify his delay, except to claim that he developed a new legal theory regarding double
25 jeopardy.   No evidence was presented to merit an actual innocence exception under
26 *Schlup v. Delo*, 513 U.S. 298 (1995).    For the reasons that follow, the Court concludes
27 that Petitioner's claim is untimely.  Therefore, the Court will recommend that the Petition
28 be denied and dismissed with prejudice.

## II.   BACKGROUND

Petitioner was indicted by the State of Arizona on October 19, 1995. (Doc. 15-1, Ex. E, at 30.) On May 22, 1996, the trial court sentenced Petitioner. (Doc. 15-2, Ex. B, at 14.)

### a.  Facts

The Arizona Court of Appeals found the following facts as true:[1]

> At the relevant time, C.C. ("the victim") was nine years old and living with her mother ("L.C.") and defendant, who were unmarried companions. After the victim reported that defendant had sexually abused her, she was questioned by detectives from the Maricopa County Sheriff's Department. Following that interview, the detectives interviewed defendant and L.C. The detectives then informed the victim about statements defendant made during his interview, which caused the victim to become distraught and recant her allegations. After regaining her composure, she told the detectives that her recantation was untrue.

> Several days later, the victim repeated her original allegations to Margaret Lothian, a social worker, but repeatedly qualified her account by stating: "This is what I think happened, but I don't believe it." She also related that L.C. had told her that she did not know "whether to believe her [the victim] or not."

> Conforming with her original allegations, the victim testified at trial that, after defendant had her undress, he penetrated her vagina digitally and then with his penis. The victim said that defendant had told her to keep the matter secret. A medical examination indicated damage to the victim's hymen consistent with the described penetration.

> The jury found defendant guilty of sexual conduct with a minor under age 15 and of child molestation, both class 2 felonies and dangerous crimes against children. The trial judge imposed aggravated prison sentences of 23 years and 20 years, respectively. Over the state's objection, the judge ordered that the sentences be served concurrently.

*State v. Supinger*, 190 Ariz. 326, 327, 947 P.2d 900, 901 (Ct. App. 1997).

### b.  Appeal and Cross Appeal

On May 20, 1996, Petitioner filed a notice of appeal. (Doc. 15-1, Ex. C, at 20.) On June 18, 1996, the State filed a notice of cross appeal regarding the concurrent sentence imposed upon Petitioner. (Doc. 15-1, Ex. D, at 23.) On July 29, 1997, the

---

[1] The Arizona Court of Appeals' recitation of the facts is presumed correct. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that statement of facts in state appellate court's opinion should not be afforded the presumption of correctness).

Arizona Court of Appeals affirmed Petitioner's convictions, but found "the trial court erred by imposing concurrent sentences in this case." *State v. Supinger*, 947 P.2d 900, 905 (Ariz. Ct. App. 1997).

On December 16, 1997, the Arizona Supreme Court denied review. (Doc. 15-3, Ex. L, at 20.) On January 13, 1998, the Mandate issued. (Doc. 15-2, Ex. M, at 22.)

### c.  Resentencing

On March 26, 1998, Petitioner was resentenced to 17 years of imprisonment for Count One, and a consecutive sentence of 15 years on Count Two. (Doc. 15-2, Ex. N, at 25.)

### d.  Petitioner's First Post-Conviction Relief Proceeding

On March 26, 1998, Petitioner filed a notice of post-conviction relief. (Doc. 15-3, Ex. O, at 31.)  On March 8, 1999, counsel filed Notice of Completion of Post-Conviction Review stating "counsel is unable to find any claims for relief to raise in post-conviction proceedings." (Doc. 15-3, Ex. P, at 34.)

On May 18, 1999, the trial court dismissed Petitioner's PCR proceedings because no petition had been filed. (Doc. 15-3, Ex. Q, at 37.) Petitioner did not file for review with the Arizona Court of Appeals. (Doc. 1 at 5.)

### e.  Petitioner's Second Post-Conviction Relief Proceeding

On February 8, 2006, Petitioner filed a second petition for post-conviction relief. (Doc. 15-4, Ex. S, at 2.) On March 14, 2006, the trial court dismissed the PCR petition after finding his claims failed. (Doc. 15-4, Ex. U, at 36.) The court found Petitioner's claim that his sentences subjected him to double punishment "should have been raised on direct appeal."  (*Id*.)

### f.  Motion to Recall Mandate

On October 17, 2014, Petitioner filed a "Motion to Recall and Reissue the Mandate" with the Arizona Court of Appeals. (Doc 15-4, Ex. V, at 38.)  The Court denied the Motion, noting that the Mandate issued 15 years earlier. (Doc. 15-4, Ex. W, at 48.) The court told Petitioner that if he "believes he is entitled to relief based upon a change in the law which would apply to his case, appellant should consider filing a

petition for post-conviction relief in superior court." (*Id.*)

On December 10, 2014, Petitioner filed for review with the Arizona Supreme Court. (Doc. 15-4, Ex. X, at 50.) The court denied the petition for review. (Doc. 15-4, Ex. Y, at 65.)

### g. Petitioner's Federal Habeas Petition

On July 1, 2015, Petitioner filed this habeas Petition. (Doc. 1.) On October 22, 2015, Respondents filed a Limited Answer to the Petition.  (Doc. 15.)  On November 9, 2015, Petitioner filed a "Traverse to Return to Petition." (Doc. 16.)

In his Petition, Petitioner raises the following ground for relief:

> 1. Petitioner "was subjected to double jeopardy and double punishment" in Counts One and Two.

 (Doc. 1.)

## III.   THE PETITION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a).  Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2244.

### a.   THE PETITION IS UNTIMELY.

#### i.   Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).

On December 16, 1997, the Arizona Supreme Court denied review. (Doc. 15-3, Ex. L, at 20.) Petitioner had 90 days to file a petition for writ of certiorari with the United States Supreme Court, but he did not do so.  Accordingly, Petitioner's convictions and sentences became final on March 16, 1998.  *See*, *e.g.*, *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007).   The one-year statute of limitations on Petitioner's habeas

action expired on March 16, 1999, unless statutorily or equitably tolled.

### ii.  Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed.  *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

On March 26, 1998, Petitioner filed a notice of post-conviction relief. (Doc. 15-3, Ex. O, at 31.) On May 18, 1999, the trial court dismissed Petitioner's PCR proceedings because no petition had been filed. (Doc. 15-2, Ex. Q, at 37.) Petitioner did not file for review with the Arizona Court of Appeals. (Doc. 1 at 5.) Therefore, the statute of limitations on Petitioner's habeas claims began to run on May 18, 1999, and expired on May 18, 2000.  The instant Petition was filed on July 1, 2015.

The statute of limitations was not tolled by Petitioner's second petition for post-conviction relief.  This second Rule 32 action was not a "properly filed" state action for post-conviction relief.  Once the AEDPA limitations period expires, a subsequently filed state post-conviction proceeding cannot restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (noting that an application for state post-conviction relief filed after expiration of the AEDPA statute of limitations did not reinitiate the limitations period).

### iii.  Equitable Tolling

"A petitioner who seeks equitable tolling of AEDPA's 1–year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-*

*Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).  Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g*., *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Here, Petitioner seeks to excuse the untimeliness because he "did not discover the factual and legal premises upon which the instant Petition is based until September of 2014." (Doc. 1 at 11.) Petitioner asserts he "discovered the fundamental error of the double jeopardy violation as announced in *Blockburger v. United States,* 284 U.S. 299, 304 (1932)" and several other cases. (*Id*.)  Petitioner is not asserting new facts, but instead relies on his discovery of a new legal theory related to double jeopardy. Petitioner is not entitled to equitable tolling where he has developed a new theory related to his state conviction. Petitioner has failed to meet the "very high threshold," *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004), of establishing that extraordinary circumstances beyond his control made it impossible for him to timely file a habeas petition and that those extraordinary circumstances were the cause of his untimeliness.

Petitioner does not assert actual innocence, but instead argues that double jeopardy should warrant habeas relief. "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Petitioner does not argue actual innocence, and there are no facts supporting such a claim. Petitioner's legal claim regarding double jeopardy is insufficient to establish

actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency").

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report

and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 21st day of April, 2016.

Honorable John Z. Boyle
United States Magistrate Judge