**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Lane Supinger,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan,<br><br>　　　　　Respondents. | No. CV-15-01233-PHX-PGR (JZB)<br><br>ORDER |

　　　　Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Boyle (Doc. 17) in light of the petitioner's Objections to Report and Recommendation (Doc. 20), the Court finds that the Magistrate Judge correctly concluded that the petitioner's Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, should be denied because it was untimely filed.

　　　　The § 2254 petition was filed on July 1, 2015. The Court agrees with the Magistrate Judge that the one-year statute of limitations of the AEDPA expired in May, 2000, thus making the petition untimely by over fifteen years.

　　　　The petitioner's argument that the statute of limitations should be equitably tolled is not well-taken. The petitioner is entitled to equitable tolling of the AEDPA's limitations period only if he shows that he has been pursuing his rights diligently and

that some extraordinary circumstance stood in his way and prevented him from timely filing his federal habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). The petitioner has not met either requirement. The petitioner, who was convicted of two counts related to child molestation, raises only a single claim in his petition, which is that he was subjected to double jeopardy and double punishment. The petitioner, relying on 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence[,]") contends that he is entitled to equitable tolling because he did not discover the factual and legal premises of his double jeopardy claim until September, 2014. As the Magistrate Judge properly concluded, equitable tolling is not appropriate here because the petitioner is not relying on newly discovered facts but rather on a new legal theory of defense related to his conviction. Furthermore, the petitioner's contention that the limited nature of the legal resources available to him within the state prison system prevented him from timely discovering his double jeopardy claim is insufficient to meet his burden of establishing that an extraordinary impediment barred his ability to timely file his habeas petition.

The petitioner's argument, to the extent that he raises it in his Objections, that the Court should reach the merits of his petition notwithstanding the AEDPA's time bar due to his actual innocence is also not well-taken. While the Supreme Court has held that a "convincing showing of actual innocence" under the standard of Schlup v. Delo, 513 U.S. 298 (1995), can overcome the bar of the AEDPA's statute of limitations, the circumstances necessary to pass through the Schlup gateway are "rare," "demanding" and "seldom met." McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013). Under Schlup, a claim of actual innocence, raised for purposes of

overcoming the AEDPA's limitations bar, requires the petitioner to (1) "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial" and (2) "to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 324 and 327.  The petitioner has made no such showing.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 17) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied as time-barred and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall not be issued and that the petitioner is not entitled to appeal *in forma pauperis* because the dismissal of the habeas petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 16th day of May, 2016.

Paul G. Rosenblatt
United States District Judge